# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **S.T.** | ) | |
| *Plaintiff* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **OREGON COUNTY** | ) | |
| **AMBULANCE DISTRICT** | ) | |
| *Serve Executive Director* | ) | |
| 722 Walnut Street | ) | Case No. 6:25-CV-03235 |
| Thayer, MO 65791 | ) | |
| | ) | |
| **JAMES UNDERWOOD** (Board President) | ) | **JURY TRIAL DEMANDED** |
| *Serve at Residence* | ) | |
| 695 County Road 256 | ) | |
| Thayer, MO 65791 | ) | |
| | ) | |
| **KENNETH MCKENZIE** (Executive Director) | ) | |
| *Serve at Residence* | ) | |
| 9635 Mossberg Street | ) | |
| Canyon, TX 79015 | ) | |
| | ) | |
| *Defendants* | ) | |

## COMPLAINT

COMES NOW Plaintiff S.T., by and through her undersigned counsel, to allege the following in support of her *Complaint* against Defendants.

## INTRODUCTION

1.      Defendant Kenneth McKenzie had been the Executive Director of the Oregon County Ambulance District for over a decade when Plaintiff was taking classes to become an EMT. He met Plaintiff in one of her classes, pursued her, and hired her as his assistant. Then, McKenzie conditioned Plaintiff's employment on her acquiescence to a sexual relationship. When she refused to continue the sexual relationship, McKenzie subjected Plaintiff to vulgarities, and threats of violence, discharge and death. On August 26, 2024, Plaintiff went to the Oregon County

Ambulance District Board of Directors. She told the Board that McKenzie, its Executive Director, had conditioned her job on sex, that he threatened to kill her, and threatened to kill himself while on duty, at work. Plaintiff showed the Board inappropriate texts from McKenzie and played them a recording of McKenzie threatening: "I'll fucking put a bullet in your fucking head." In response, the Board suspended Plaintiff. On Friday, September 6, 2024, Plaintiff emailed the Board asking about her job. In the email, Plaintiff reiterated that its Executive Director had threatened to kill her for not continuing a sexual relationship with him, and that she was scared. On Monday, September 9, 2024, the Board notified Plaintiff that it was terminating her employment, and then discharged Plaintiff.

## JURY TRIAL DEMAND

2.      Plaintiff hereby demands a trial by jury of all triable issues alleged herein.

## DESIGNATION OF PLACE OF TRIAL

3.      Plaintiff designates the United States Courthouse in Springfield, Missouri as the place of trial.

## THE CLAIMS

4.      Counts I-II state claims for sex discrimination under the Missouri Human Rights Act ("MHRA"), RSMo § 213.055, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC § 2000e-2(a)(1), against Defendant Oregon County Ambulance District.

5.      Counts III-IV state claims for retaliation under the MHRA, RSMo § 213.070.1(2), and Title VII, 42 USC § 2000e-3(a), against Defendant Oregon County Ambulance District.

6.      Count V states a claim for sex discrimination in a place of public accommodation under the MHRA, RSMo § 213.065, against Defendant Oregon County Ambulance District and Defendant Kenneth McKenzie.

7.    Count VI states a claim under RSMo § 105.055 against Defendant Oregon County Ambulance District for unlawfully withholding work from Plaintiff, and discharging Plaintiff because she disclosed acts that she reasonably believed violated policy and the law.

8.    Count VII states a First Amendment retaliation claim against Defendant Oregon County Ambulance District and Defendant James Underwood under 42 USC § 1983.

9.    Count VIII states a claim for civil assault against Defendant Kenneth McKenzie.

## PARTIES and PERSONAL JURISDICTION

10.    **Plaintiff S.T.** is an adult female citizen of Missouri.

11.    Plaintiff is a "person" as defined by the MHRA, RSMo § 213.010(15), and Title VII, 42 USC §2000e(a).

12.    During her employment, Plaintiff was a "public employee" as defined by RSMo § 105.055.1(2).

13.    **Defendant Oregon County Ambulance District** is a public entity.

14.    Defendant Oregon County Ambulance District is a body corporate, and political subdivision of the state of Missouri, organized and established under RSMo § 190.010.

15.    Defendant Oregon County Ambulance District is a "public employer" as defined by RSMo § 105.055.1(3).

16.    Defendant Oregon County Ambulance District is comprised of one or more individuals, and is an association, organization or other organized group.

17.    Defendant Oregon County Ambulance District is a "person" as defined by the MHRA, RSMo § 213.010(15), and Title VII, 42 USC § 2000e(a).

18.    Defendant Oregon County Ambulance District is an entity engaged in an industry affecting commerce that has six or more employees for each working day in each of twenty or

more calendar weeks in the current or preceding calendar year, is a political or civil subdivision of the state of Missouri, or is an entity employing six or more persons within the state of Missouri.

19.     Defendant Oregon County Ambulance District is an "employer" as defined by the MHRA, RSMo § 213.010(8).

20.     Defendant Oregon County Ambulance District is an entity engaged in an industry affecting commerce that has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

21.     Defendant Oregon County Ambulance District is an "employer" as defined by Title VII, 42 USC § 2000e(b).

22.     The Oregon County Ambulance District is a place or business offering or holding out to the general public goods, services, privileges, facilities, advantages or accommodations for the comfort, welfare and safety of the general public.

23.     The Oregon County Ambulance District is a "place of public accommodation" as defined by the MHRA, RSMo § 213.010(16).

24.     **Defendant James Underwood** ("Underwood") is an adult male citizen of Missouri.

25.     At all relevant times, Defendant Underwood was President of the Oregon County Ambulance District Board of Directors.

26.     At all relevant times, Defendant Underwood was an individual acting under color of state law.

27.     **Defendant Kenneth McKenzie** ("McKenzie") is an adult male.

28.     Defendant McKenzie is an individual.

29.     Defendant McKenzie is a "person" as defined by the MHRA, RSMo § 213.010(15).

30.     At all relevant times, Defendant McKenzie was the Executive Director over the Oregon County Ambulance District.

31.     As Executive Director of the Oregon County Ambulance District, Defendant McKenzie was Plaintiff's direct supervisor, had immediate authority over Plaintiff, and had significant influence over decisions affecting Plaintiff's employment.

32.     Defendant McKenzie is domiciled in Canyon, Texas.

33.     Defendant McKenzie is a citizen of Texas.

## SUBJECT MATTER JURISDICTION

34.     Pursuant to 28 USC § 1331, this Court has subject matter over this civil action because it involves claims arising under federal law.

35.     Pursuant to 28 USC § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because they are so related to questions of federal law that they form a part of the same case or controversy under Article III of the United States Constitution.

## VENUE

36.     Pursuant to 28 USC § 1391(b)(2), venue is proper in this Court because the acts and omissions giving rise to Defendants' liability occurred in this judicial district.

## FACTS

37.     Prior to her employment with the Ambulance District, Plaintiff worked for the Oregon County, Missouri Sheriff's Office and was taking classes to become an EMT.

38.     In late 2023, Plaintiff met Defendant McKenzie during an EMT class.

39.     In late 2023, Defendant McKenzie had been the Executive Director of the Oregon County Ambulance District for over a decade.

40.     As Executive Director, Defendant McKenzie had significant authority over the Oregon County Ambulance District employees.

41.     As Executive Director, Defendant McKenzie had the authority to hire, discipline, and discharge Oregon County Ambulance District employees.

42.     After meeting Plaintiff in an EMT class, Defendant McKenzie heavily pursued Plaintiff.

43.     Defendant McKenzie offered Plaintiff a job as his assistant, and he told Plaintiff that working for him would help her pursuit of a career as an EMT.

44.     On November 13, 2023, Defendant McKenzie hired Plaintiff.

45.     On November 13, Plaintiff began employment with Defendant Oregon County Ambulance District.

46.     To make Plaintiff his assistant, Defendant McKenzie reassigned the woman who worked as his Administrative Assistant to a different position.

47.     After Plaintiff started her employment, Defendant McKenzie bought Plaintiff gifts.

48.     Defendant McKenzie gave Plaintiff money.

49.     Defendant McKenzie helped provide for Plaintiff's medical insurance.

50.     Defendant McKenzie made comments about Plaintiff appearance, body, and his attraction to her.

51.     Defendant McKenzie instructed Plaintiff to leave work with him to run errands.

52.     Defendant McKenzie engaged Plaintiff for sex.

53.     Defendant McKenzie conditioned Plaintiff's employment on her acquiescence to a sexual relationship with him.

54. When Plaintiff demonstrated reluctance or refused to continue the sexual relationship with Defendant McKenzie, he would threaten Plaintiff.

55. Defendant McKenzie's conduct toward Plaintiff caused Plaintiff emotional injury.

56. Plaintiff stopped acquiescing to sex with Defendant McKenzie.

57. Defendant McKenzie continued to request sex from Plaintiff, but Plaintiff would not do it anymore.

58. Defendant McKenzie became abusive with Plaintiff.

59. Defendant McKenzie would yell vulgarities at Plaintiff, threaten her job, threaten to kill himself, and threaten to tell Plaintiff's parents about having sex with Plaintiff.

60. On Saturday, August 24, 2024, Plaintiff was assigned to work as a first responder at a local rodeo with another Oregon County Ambulance District employee.

61. Defendant McKenzie showed up at the rodeo.

62. Defendant McKenzie asked Plaintiff if she would resume a sexual relationship with him, and Plaintiff refused.

63. Defendant McKenzie then threatened Plaintiff's employment, spoke obscenities to Plaintiff, and pulled his gun out.

64. Plaintiff was in fear for her life and his, and she reported Defendant McKenzie to a Thayer Police Officer.

65. On Monday, August 26, 2024, Plaintiff returned to work where Defendant McKenzie continued to voice insults and vulgarities at Plaintiff.

66. Defendant McKenzie threatened to hit Plaintiff with a bottle.

67. Plaintiff asked Defendant McKenzie if he was going to throw the bottle at her.

68.     Defendant McKenzie responded: "You're fucking God damn right, I will. I'll fucking put a bullet in your fucking head."

69.     Plaintiff immediately left the room.

70.     Defendant McKenzie followed Plaintiff.

71.     Defendant McKenzie subjected Plaintiff to more vulgarities while repeatedly telling Plaintiff that she was "fired."

72.     After discharging Plaintiff – Defendant McKenzie followed Plaintiff through the facility, threatening Plaintiff's life, saying he had a gun, and calling Plaintiff a "fucking bitch."

73.     On August 26, 2024, Plaintiff reported Defendant McKenzie to law enforcement and filed for a restraining order.

74.     During the night of August 26, 2024, the Oregon County Ambulance District Board of Directors held a board meeting.

75.     As its Executive Director, Defendant McKenzie attended the board meeting.

76.     After being served with Plaintiff's restraining order, Defendant McKenzie was escorted from the board meeting by a Deputy Sheriff, and Plaintiff entered the meeting.

77.     The August 26 board meeting was attended by four of six of the Oregon County Ambulance District's board members, including Defendant Underwood.

78.     As board President, Defendant Underwood presided over the August 26 board meeting.

79.     On August 26, 2024, Plaintiff informed Defendant Underwood and Defendant Oregon County Ambulance District that its Executive Director of more than a decade (Defendant McKenzie) had conditioned Plaintiff's job on a sexual relationship with him, that when she refused to continue the relationship, Defendant McKenzie became abusive and then discharged her.

80. On August 26, 2024, Plaintiff told Defendant Underwood and Defendant Oregon County Ambulance District that Defendant McKenzie threatened to shoot her in the head for refusing to continue a sexual relationship with him.

81. On August 26, 2024, Plaintiff played Defendant Underwood and Defendant Oregon County Ambulance District a recording of Defendant McKenzie threatening to shoot Plaintiff in the head.

82. On August 26, 2024, Plaintiff told Defendant Underwood and Defendant Oregon County Ambulance that Defendant McKenzie was unstable, and that he had threated to kill Plaintiff and himself while at work, on duty.

83. On August 26, 2024, Plaintiff showed Defendant Underwood and Defendant Oregon County Ambulance District abusive, retaliatory, and inappropriate text messages that Defendant McKenzie sent Plaintiff for refusing to agree to continue a sexual relationship.

84. After the August 26 board meeting, Defendant Underwood called Plaintiff and told Plaintiff that she was being placed on administrative leave.

85. On August 27, 2024, Defendant Underwood instructed Plaintiff to return her office key.

86. On September 6, 2024, Plaintiff emailed Defendant Underwood and Defendant Oregon County Ambulance District concerning the status of her job, reiterated that the recording of Defendant McKenzie threatening to shoot Plaintiff, that she played for them during the August 26 board meeting, was related to her refusal to continue a sexual relationship with Defendant McKenzie, and Plaintiff notified Defendants that she was scared.

87. On September 9, 2024, Defendant Oregon County Ambulance District and Defendant Underwood notified Plaintiff that her employment was being terminated.

88.     On September 13, 2024, Plaintiff's discharge from her employment with the Oregon County Ambulance District became effective and final.

89.     Defendants' conduct toward Plaintiff has caused her mental anguish, emotional pain, and economic damage.

## ADMINISTRATIVE PROCEEDINGS

90.     On November 6, 2024, Plaintiff filed a *Charge of Discrimination* with the Missouri Commission on Human Rights (MCHR) and US Equal Employment Opportunity Commission (EEOC) alleging violations of the MHRA and Title VII against Defendant Oregon County Ambulance District and Defendant McKenzie. The MCHR assigned the charge number E-11/24-56458, and the EEOC assigned it number 28E-2025-00067. A copy of the charge is attached hereto as **EXHIBIT A** and incorporated by reference.

91.     On March 28, 2025, Plaintiff amended her charge to provide additional factual allegations. A copy of the amended charge is attached hereto as **EXHIBIT B** and incorporated by reference.

92.     Defendant McKenzie received notice of Plaintiff's *Charge of Discrimination*.

93.     Defendant Oregon County Ambulance District received notice of Plaintiff's *Charge of Discrimination*.

94.     On May 29, 2025, the MCHR issued Plaintiff a *Notice of Right Sue*, pursuant to the MHRA, authorizing Plaintiff to commence her MHRA claims against Defendant Oregon County Ambulance District and Defendant McKenzie within 90 days. A copy of the notice is attached hereto as **EXHIBIT C** and incorporated by reference.

95.     On July 2, 2025, the Department of Justice issued Plaintiff a *Notice of Right to Sue,* pursuant to Title VII, authorizing Plaintiff to commence her Title VII claims against Defendant

Oregon County Ambulance District within 90 days. A copy of the notice is attached hereto as **EXHIBIT D** and incorporated by reference.

96.     Plaintiff's MHRA and Title VII claims have commenced within 90 days of the *Notice of Right Sue* issued by the MCHR and Department of Justice.

<u>**COUNT I**</u>
**The Missouri Human Rights Act**
**Sex Discrimination in Violation of RSMo § 213.055**
**(Against Defendant Oregon County Ambulance District)**

97.     By reference, Plaintiff incorporates all other paragraphs in this *Complaint*.

98.     Plaintiff was subjected to unwelcome harassment.

99.     Plaintiff was subjected to sexually harassing behavior by a supervisor with immediate (or successively higher) authority over Plaintiff, or who Plaintiff reasonably believed had the ability to significantly influence her employment.

100.    The unwelcome harassment created an intimidating, hostile, or offensive work environment, or unreasonably interfered with Plaintiff's work performance.

101.    Defendant Oregon County Ambulance District knew or should have known of the harassment and failed to respond with appropriate remedial action, and/or the harassing supervisor was of a sufficiently high position within Defendant's managerial hierarchy to constitute Defendant's proxy or alter ego.

102.    Defendant Oregon County Ambulance District did not exercise reasonable care to prevent sexually harassing behavior *and* correct promptly any sexually harassing behavior *and* Plaintiff was not unreasonable in reporting the sexual harassment when she did.

103.    The supervisor's sexually harassing behavior toward Plaintiff culminated in Plaintiff's discharge.

104.    Defendant McKenzie discharged Plaintiff.

105.    Defendant Oregon County Ambulance District discharged Plaintiff.

106.    Plaintiff's sex actually played a role in and had a determinative influence on the unwelcome harassment Plaintiff suffered.

107.    Plaintiff's sex actually played a role in and had a determinative influence on her discharge.

108.    Such conduct directly caused Plaintiff economic loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic losses, including the deprivation of her civil rights.

109.    Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff. Accordingly, Defendant is liable for punitive damages in an amount sufficient to punish Defendant and deter it, and others, from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant Oregon County Ambulance District on Count I, for a finding that it violated RSMo § 213.055, for an award of compensatory and punitive damages in an amount that is fair and reasonable, her costs, reasonable attorney fees, interest, and all other relief the Court finds proper.

## COUNT II
### TITLE VII
### Sex Discrimination in Violation of 42 USC § 2000e-2(a)(1)
### (Against Defendant Oregon County Ambulance District)

110.    By reference, Plaintiff incorporates all other paragraphs in this *Complaint*.

111.    Plaintiff was subjected to unwelcome harassment.

112.    Plaintiff was subjected to sexual harassment by a supervisor with immediate (or successively higher) authority over Plaintiff, or who Plaintiff reasonably believed had the ability to significantly influence her employment.

113. The unwelcome harassment was severe or pervasive; it created an intimidating, hostile, or offensive work environment, or unreasonably interfered with Plaintiff's work performance.

114. Defendant Oregon County Ambulance District knew or should have known of the harassment and failed to respond with appropriate remedial action, and/or the harassing supervisor was of a sufficiently high authority within Defendant's managerial hierarchy to constitute Defendant's proxy or alter ego.

115. Defendant Oregon County Ambulance District did not exercise reasonable care to prevent sexually harassing behavior *and* correct promptly any sexually harassing behavior *and* Plaintiff was not unreasonable in reporting the sexual harassment when she did.

116. The sexual harassment culminated in Plaintiff's discharge.

117. Defendant McKenzie discharged Plaintiff.

118. Defendant Oregon County Ambulance District discharged Plaintiff.

119. Plaintiff's sex was a motivating factor in the sexually harassing behavior to which she was subjected.

120. Plaintiff's sex was a motivating factor in her discharge.

121. Such conduct directly caused Plaintiff economic loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic losses, including the deprivation of her civil rights.

122. Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff. Accordingly, Defendant is liable for punitive damages in an amount sufficient to punish Defendant and deter it, and others, from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant Oregon County Ambulance District on Count II, for a finding that it violated 42 USC § 2000e-2(a)(1), for compensatory and punitive damages in an amount that is fair and reasonable, her costs, reasonable attorney fees, interest, and all other relief the Court finds proper.

<u>COUNT III</u>
**The Missouri Human Rights Act**
**Retaliation in Violation of RSMo § 213.070.1(2)**
**(Against Defendant Oregon County Ambulance District)**

123.    By reference, Plaintiff incorporates all other paragraphs in this *Complaint*.

124.    Plaintiff opposed quid pro quo sexual harassment by refusing to continue a sexual relationship with Defendant's Executive Director.

125.    Plaintiff's opposition to sexual harassment constitutes protected activity under the MHRA.

126.    Plaintiff was subjected to unwelcome, retaliatory harassment.

127.    The unwelcome harassment created an intimidating, hostile, or offensive work environment, or unreasonably interfered with Plaintiff's work performance.

128.    Defendant did not exercise reasonable care to prevent retaliatory harassment *and* correct promptly any such harassing behavior *and* Plaintiff was not unreasonable in opposing either sexual harassment or retaliatory harassment when she did.

129.    Defendant knew or should have known of the harassment and failed to respond with appropriate remedial action, and/or the harassing supervisor was of sufficiently high authority within Defendant's managerial hierarchy to constitute its proxy or alter ego.

130.    The unwelcome, retaliatory harassment culminated in Plaintiff's discharge.

131.    Plaintiff opposed what she reasonably believed was a sexually and retaliatory hostile work environment by making good faith complaints with Defendant.

132.     Defendant discharged Plaintiff.

133.     Plaintiff's opposition to sex discrimination and/or retaliation actually played a role in and had a determinative influence on the retaliatory harassment described herein.

134.     Plaintiff's opposition to sex discrimination and/or retaliation actually played a role in and had a determinative influence on Plaintiff's discharge.

135.     Such conduct directly caused Plaintiff economic loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic losses, including the deprivation of her civil rights.

136.     Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff. Accordingly, Defendant is  liable for punitive damages in an amount sufficient to punish Defendant and deter it, and others, from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant Oregon County Ambulance District on Count III, for a finding that it violated RSMo § 213.070.1(2), for an award of compensatory and punitive damages in an amount that is fair and reasonable, her costs, reasonable attorney fees, interest, and all other relief the Court finds proper.

## COUNT IV
### TITLE VII
### Retaliation in Violation of 42 USC § 2000e-3(a)
### (Against Defendant Oregon County Ambulance District)

137.     By reference, Plaintiff incorporates all other paragraphs in this *Complaint*.

138.     Plaintiff opposed quid pro quo sexual harassment by refusing to continue a sexual relationship with Defendant's Executive Director.

139.     Plaintiff's opposition to sexual harassment constitutes protected activity under Title VII.

140.     Plaintiff was subjected to a retaliatory hostile work environment.

141.    The retaliatory harassment was severe or pervasive; it created an intimidating, hostile, or offensive work environment, or unreasonably interfered with Plaintiff's work performance.

142.    Defendant did not exercise reasonable care to prevent retaliatory harassment *and* correct promptly any such harassing behavior *and* Plaintiff was not unreasonable in opposing either sexual harassment or retaliatory harassment when she did.

143.    Defendant knew or should have known of the harassment and failed to respond with appropriate remedial action, and/or the harassing supervisor was of sufficiently high authority within Defendant's managerial hierarchy to constitute its proxy or alter ego.

144.    The unwelcome, retaliatory harassment culminated in Plaintiff's discharge.

145.    Plaintiff opposed what she reasonably believed was a sexually and retaliatory hostile work environment by making good faith complaints with Defendant.

146.    Defendant discharged Plaintiff.

147.    Plaintiff's opposition to sex discrimination and/or retaliation was a motivating factor in the retaliatory harassment described herein.

148.    Plaintiff's opposition to sex discrimination and/or retaliation was a motivating factor in Plaintiff's discharge.

149.    Such retaliation directly caused Plaintiff economic loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic losses, including the deprivation of her civil rights.

150.    Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff. Accordingly, Defendant is  liable for punitive damages in an amount sufficient to punish Defendant and deter it, and others, from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant Oregon County Ambulance District on Count IV, for a finding that it violated 42 USC § 2000e-3(a), for an award of compensatory and punitive damages in an amount that is fair and reasonable, her costs, reasonable attorney fees, interest, and all other relief the Court finds just and proper.

## <u>COUNT V</u>
**Missouri Human Rights Act**
**Sex Discrimination in a Place of Public Accommodation in Violation of RSMo § 213.065**
**(Against Defendant Oregon County Ambulance District and Defendant McKenzie)**

151.    By reference, Plaintiff incorporates each other paragraph in this *Complaint*.

152.    On August 26, 2024, Defendant McKenzie discharged Plaintiff.

153.    After being discharged, Plaintiff was walking through the Oregon County Ambulance District to gather her belongings and leave.

154.    Defendant McKenzie followed Plaintiff through the facility, threatened Plaintiff with bodily harm/death and told her he had a gun, while referring to Plaintiff as a "fucking bitch."

155.    Plaintiff was denied full and equal use and enjoyment of a place of public accommodation without discrimination based on her sex.

156.    Defendants, directly or indirectly, segregated or discriminated against Plaintiff in her use of place of public accommodation because of her sex.

157.    Defendants, directly or indirectly, subjected Plaintiff to sex discrimination that was hostile, intimidating and offensive.

158.    Plaintiff's sex actually played a role in and had a determinative influence on the sex discrimination.

159.    Such conduct directly caused Plaintiff emotional pain and mental anguish, and other non-economic losses, including the deprivation of her civil rights.

160.    Defendants' conduct was outrageous because of their evil motive or reckless

indifference to Plaintiff's rights. Accordingly, Defendants are liable for punitive damages in an amount sufficient to punish Defendants and to deter them, and others, from similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants Oregon County Ambulance District and Defendant McKenzie on Count V, for a finding that Defendants violated RSMo § 213.065, and for compensatory and punitive damages in an amount that is fair and reasonable, costs, reasonable attorney fees, interest, and for all other relief the Court finds proper.

### COUNT VI
**Violation of RSMo § 105.055**
**(Against Defendant Oregon County Ambulance District)**

161.    By reference, Plaintiff incorporates each paragraph in this *Complaint*.

162.    Defendant is a public employer, and Plaintiff was its employee.

163.    Plaintiff disclosed information to Defendant concerning acts by its Executive Director that Plaintiff reasonably believed violated Missouri law – namely, RSMo § 213.055 (sex discrimination), RSMo § 213.070.1(2) (retaliation), RSMo § 565.056.1(3) (criminal assault), and RSMo § 565.090 (criminal harassment).

164.    Plaintiff disclosed information to Defendant concerning acts by its Executive Director that Plaintiff reasonably believed violated policy.

165.    Defendant suspended Plaintiff.

166.    Defendant discharged Plaintiff.

167.    Defendant took "disciplinary action" against Plaintiff, as contemplated by RSMo § 105.055.1(1).

168.    Such conduct caused Plaintiff economic and emotional damage.

WHEREFORE, Plaintiff prays for judgment against Defendant Oregon County Ambulance District on Count VI, for a finding that Defendant violated RSMo § 105.055, and for actual

damages, costs, and reasonable attorney fees.

## COUNT VII
### First Amendment Retaliation
### Violation of 42 USC § 1983
### (Against Defendant Oregon County Ambulance District and Defendant Underwood)

169.     By reference, Plaintiff incorporates every other paragraph in this *Complaint*.

170.     Defendant Oregon County Ambulance District is a body corporate and political subdivision of the state of Missouri, organized under RSMo § 190.010, that acts under the color of state law.

171.     Defendant Underwood was, at all relevant times, the Oregon County Ambulance District's board President, and an individual acting under color of state law.

172.     On August 26, 2024, Plaintiff attended Defendants' board meeting.

173.     Plaintiff spoke to Defendants about matters of political and social concern to the public and community.

174.     Plaintiff notified Defendants that its Executive Director, running the community's ambulance service, was unstable, and was threatening homicide and suicide at work, while on duty.

175.     Plaintiff exercised rights protected by the First Amendment to the Constitution of the United States and 42 USC § 1983.

176.     In response, Defendants suspended Plaintiff's employment.

177.     On August 27, 2024, Defendants instructed Plaintiff to return her office key.

178.     On September 9, 2024, Defendants notified Plaintiff that her employment was being terminated.

179.     On September 13, 2024, Defendants discharged Plaintiff.

180.     As board President, Defendant Underwood caused, approved, and/or ratified

Plaintiff's suspension or discharge.

181.    Defendant Oregon County Ambulance District is an entity which acts through agents including its employees, board members, and its President; it is therefore liable for the acts of its agents done in the course and scope of their employment, or acts that it ratifies.

182.    Defendants, acting under color of state law, retaliated against Plaintiff for exercising rights protected by the First Amendment to the Constitution of the United States and 42 USC § 1983.

183.    Plaintiff's protected speech was a motivating factor in such retaliation.

184.    Such retaliation caused Plaintiff economic and emotional damage.

185.    Defendants' retaliation against Plaintiff was done with an evil motive or reckless indifference to Plaintiff's federally protected rights. Accordingly, punitive damages sufficient to punish, and to deter similar retaliation, are warranted.

WHEREFORE, Plaintiff prays for judgment against Defendant Oregon County Ambulance District and Defendant Underwood on Count VII, for a finding that Defendants violated 42 USC § 1983, for compensatory and punitive damages in an amount that is fair and reasonable, costs, reasonable attorney fees, and all other relief the Court finds proper.

### COUNT VIII
### ASSAULT
### (Against Defendant McKenzie)

186.    On August 26, 2024, Defendant McKenzie and Plaintiff were together at a facility located in Oregon County, Missouri.

187.    Defendant McKenzie told Plaintiff: "I think you are a worthless piece of shit."

188.    Defendant McKenzie told Plaintiff that he hated her – "hate your fucking guts."

189.    Defendant McKenzie told Plaintiff: "Shut the fuck up."

190.    Defendant McKenzie picked up a bottle, as if to throw it at Plaintiff.

191.    Plaintiff asked if Defendant McKenzie was going to strike her with the bottle.

192.    Defendant McKenzie told Plaintiff: "You're fucking God Damn right, I will. I'll fucking put a bullet in your fucking head."

193.    Defendant McKenzie called Plaintiff a "fucking bitch," and told her he had a gun.

194.    Defendant McKenzie directed the above remarks and conduct at Plaintiff with the intent to cause Plaintiff apprehension of bodily harm or offensive contact.

195.    Defendant McKenzie thereby caused Plaintiff to be in apprehension of bodily harm or offensive contact.

196.    Defendant's conduct was outrageous because of his evil motive or reckless indifference to Plaintiff's rights. Accordingly, Defendant McKenzie is liable for punitive damages in an amount sufficient to punish and deter him, and others, from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant McKenzie on Count VIII, for a finding that he committed the tort of civil assault against Plaintiff, for compensatory and punitive damages in an amount that is fair and reasonable, for costs and interest, and for all other relief the Court finds proper.

RALSTON KINNEY, LLC

 /s/ Thomas F. Ralston
Thomas F. Ralston – MO Bar No. 61052
Kenneth D. Kinney – MO Bar No. 67435
4717 Grand Avenue, Suite 300
Kansas City, Missouri 64112
TEL: (816) 298-0086
FAX: (816) 298-9455
Email: tom@rklawllc.com
Email: ken@rklawllc.com

**ATTORNEYS FOR PLAINTIFF**