# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| S. T., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-03235-CV-S-LMC |
| | ) |
| OREGON COUNTY AMBULANCE | ) |
| DISTRICT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion to Proceed Under Pseudonym (Doc. #4). Defendants consent to Plaintiff's motion. (Doc. ## 15, 16.) For the following reasons, this Court will grant Plaintiff's request.

Plaintiff's Complaint alleges that she met Defendant Kenneth McKenzie, who was the Executive Director of the Oregon County Ambulance District, in one of her classes to become an EMT. (Doc. #1 at 1, 5-6.) Defendant McKenzie pursued and eventually hired Plaintiff as his assistant. (Doc. #1 at 1, 6.) Plaintiff alleges that her employment was conditioned on Plaintiff agreeing to a sexual relationship with Defendant McKenzie. (Doc. #1 at 1, 6.) When Plaintiff subsequently tried to end the sexual relationship, she was threatened with "violence, discharge and death." (Doc. #1 at 1, 7-8.) During one episode of threats, Defendant McKenzie repeatedly told Plaintiff she was fired. (Doc. #1 at 8.) Plaintiff informed the Oregon County Ambulance District Board of Directors of Defendant McKenzie's conduct, including the threats and provided proof of the relationship and the threats. (Doc. #1 at 2, 9.) Plaintiff was suspended and eventually terminated from employment. (Doc. #1 at 2, 9-10.) Thereafter Plaintiff filed the instant action

alleging sex discrimination under both the Missouri Human Rights Act (Count I) and Title VII (Count II), retaliation under both the Missouri Human Rights Act (Count III) and Title VII (Count IV), sex discrimination in a place of public accommodation under the Missouri Human Rights Act (Count V), a violation of RSMo. § 105.055 (Counts VI), First Amendment retaliation (Count VII), and assault (Count VIII). (Doc. #1.)

Rule 10 of the Rules of Civil Procedure requires that the "title of the complaint must name all the parties[,]" which has led to a presumption against the use of pseudonyms. *AB v. HRB Pro. Res. LLC*, 2020 WL 12675330, at *1 (W.D. Mo. Dec. 31, 2020). Nevertheless, courts have discretion as to whether to permit a party to proceed under a pseudonym. *T.S.H. v. Nw. Missouri State Univ.*, 2019 WL 5057586, at *1 (W.D. Mo. Oct. 8, 2019). Ultimately, "the Court must determine whether the plaintiff 'has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *W.G.A. v. Priority Pharmacy, Inc.,* 184 F.R.D. 616, 617 (E.D. Mo. 1999) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir.1992)). In making such a determination, relevant factors that weigh in favor of granting a request to proceed via pseudonym include whether "(1) the party seeking anonymity was challenging government activity; (2) identification threatened to reveal information of a sensitive and highly personal nature; and (3) a party would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution[,]" as well as "the danger of retaliation[.]" *Cajune v. Indep. Sch. Dist.* 194, 105 F.4th 1070, 1077 (8th Cir. 2024). Factors weighing against granting a motion to proceed under a pseudonym include "whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant, whether the public's interest in the case is furthered by requiring that the litigants disclose their

identities, and whether there exist alternative mechanisms that could protect the confidentiality of the litigants." *Id.* (internal quotations and citations omitted).

Plaintiff asserts that being required to use her real name "poses a potential threat to Plaintiff's wellbeing and safety" due to further trauma and potential "reputational harm, embarrassment, and humiliation to Plaintiff and her family." (Doc. #4 at 3-4.) Plaintiff points out that the Defendants are aware of her identity and it will thus not prejudice the Defendants. (Doc. #4 at 4.) Defendants have consented to Plaintiff's request to proceed under a pseudonym. (Doc. ## 15, 16.)

This case presents a mixed bag. Due to the allegations in this matter, there is a high potential that "information of a sensitive and highly personal nature" could be revealed. Courts in the Eighth Circuit have permitted the use of a pseudonym in cases involving sex-based employment discrimination and retaliation. *See Doe v. Univ. of Nebraska*, 2025 WL 1580919, at *1 (D. Neb. June 4, 2025); *Doe v. Univ. of Nebraska-Lincoln*, 2025 WL 1331700, at *1 (D. Neb. May 7, 2025); *but see J.H. v. McLarty Auto. Grp.*, LLC, 2025 WL 2969086, at *1 (W.D. Mo. Oct. 20, 2025) (rejecting a request to proceed under pseudonym where allegations of employment discrimination and violations of Missouri law were based on her status as a victim of domestic violence). Additionally, at least one court has found that a Plaintiff alleging that she suffered from mental health repercussion due to the conduct at issue, and that disclosure of her name would add to "exacerbate [her] emotional distress[,]" favors a finding that a pseudonym is appropriate. *Doe v. Sutton*, 2025 WL 871656, at *4 (E.D. Mo. Mar. 20, 2025). Finally, Defendants have consented to the Plaintiff's request and will thus not be hindered by permitting Plaintiff to proceed via pseudonym. S*ee Doe v. Heartland Ivy Partners LLC*, 2025 WL 26643, at *1 (D. Minn. Jan. 3, 2025) (finding that "Defendants implicitly concede that allowing Plaintiff to proceed under a

pseudonym will not unfairly prejudice them" where Defendants have stated they do not oppose the motion).

On the other hand, the Complaint indicates that Plaintiff attended an Oregon County Ambulance District Board of Directors meeting and informed Defendant Underwood and Defendant Oregon County Ambulance District of the allegations against Defendant McKenzie. (Doc. #1 at 8 ¶¶ 74-83.) There is no indication that these allegations were provided to the Defendants in a closed board meeting. If the allegations were revealed in an open meeting, such public disclosure would weigh against permitting the Plaintiff to proceed via pseudonym. *See Does 1-8 v. Presley*, 2024 WL 4108015, at *2 (E.D. Ark. Sept. 6, 2024) (disclosure on podcasts negates need to proceed under a pseudonym). The Court points out one other factor which at this point neither weighs in favor nor against Plaintiff's request, but is nevertheless important to point out, which is that the Probable Cause Statement and the news article attached the Plaintiff's Motion to Proceed Under Pseudonym appear to indicate that a female coworker who had developed a sexual relationship with Defendant McKenzie at the time of Defendant McKenzie's alleged embezzlement received "thousands of dollars in cash and gifts, including plants, furniture, and payments for taxes and credit card debt." (Doc. #4-1 at 3; Doc. #4-2 at 4-5.) The Probable Cause Statement indicates that when questioned where the money was coming from, Defendant McKenzie states that "he made a lot of money." (Doc. #4-2 at 5.) Without more information as to whether Plaintiff is the individual referenced in both sources and whether she was aware of Defendant McKenzie's wrongdoing, this fact is essentially neutral; however, if Plaintiff was aware of Defendant McKenzie's wrongdoing and did not report such to the Board or Defendant Underwood, this fact may weigh against permitting Plaintiff to proceed via pseudonym.

Given the sensitive and highly personal nature of the matters alleged, as well as the trauma Plaintiff has already experienced, the Court will grant the request to proceed via pseudonym during the discovery period and will reconsider the matter if the case goes to trial. *Doe v. Sutton*, 2025 WL 871656 at *6.

It is therefore

ORDERED that Plaintiff's Motion to Proceed Under Pseudonym (Doc. #4) is GRANTED.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE